1  SCOTT B. COOPER (State Bar No. 174520)
   scott@cooper-firm.com
2  THE COOPER LAW FIRM, P.C.
   2030 Main Street, Suite 1300
3  Irvine, California 92614
   Telephone: (949) 724-9200
4  Facsimile: (949) 724-9255

5  (*Additional Attorney Information on Signature Block*)

6  Attorneys for Plaintiffs
   LARRY CHAPPELL and SHAMEA OGIAMIEN
7

8  JULIE A. DUNNE, Bar No. 160544
   jdunne@littler.com
9  LARA K. STRAUSS, Bar No. 222866
   lstrauss@littler.com
10 DAWN FONSECA, Bar No. 259405
   dfonseca@littler.com
11 LITTLER MENDELSON, P.C.
   501 W. Broadway, Suite 900
12 San Diego, CA 92101.3577
   Telephone: 619.232.0441
13 Facsimile: 619.232.4302

14 Attorneys for Defendant
   NORDSTROM, INC.
15
                        UNITED STATES DISTRICT COURT
16
                       CENTRAL DISTRICT OF CALIFORNIA
17

18

19 LARRY CHAPPELL and SHAMEA          Case No. 13-CV-05639 GAF (JCGx)
   OGIAMIEN, individually and on
20 behalf of all others similarly situated
   and on behalf of the general public,
21
                    Plaintiffs,
22                                           **STIPULATED [Proposed]**
   v.                                        **PROTECTIVE ORDER**
23
   NORDSTROM, INC., a Washington
24 Corporation, and DOES 1 through 10,
   inclusive,
25
                    Defendants.
26

27

28

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:122944043.7 058713.1048

## Good Cause Statement

1. Named Plaintiffs' allegations may require disclosure of private and/or confidential information regarding Nordstrom's current and/or former employees, including information about whether and why employees were asked to undergo security bag or package checks when leaving the store, the results of such security checks and employees' pay, contact information and/or performance histories. In addition, Nordstrom expects that Named Plaintiffs may request and it may need to produce confidential business information involving Nordstrom's business policies and practices, including those relating to its loss prevention efforts, that would likely cause significant harm to Nordstrom if it is made available or accessible publicly or to Nordstrom's competitors. Good cause therefore exists for the issuance of this protective order, as the protective order will allow the parties to engage in discovery in this lawsuit while providing a means for limiting access to, and disclosure of, private, confidential and/or trade secret information. The purpose of this protective order is to protect the confidentiality of such materials as much as practicable during the litigation.

## Definitions And Designation

2. "Confidential Information" refers to information contained in any paper, document, database, spreadsheet, video recording, audio recording, electronic record or any other electronic or hard copy format that is stamped with a "Confidential" designation. Confidential Information may include, but is not limited to: (a) trade secret, confidential or sensitive proprietary business information belonging to Nordstrom, including but not limited to information about its security and loss prevention practices and procedures; and (b) information about current, past or prospective employees that is of a confidential or private nature, including current or former employees' contact information, wage information, job performance-documentation and information relating to the results of any security bag or package

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:122944043.7 058713.1048

2.

check that led to disciplinary action or criminal prosecution. Confidential Information shall not include any information that: (a) is already public knowledge or otherwise in the public domain; (b) has become public knowledge or enters the public domain other than as a result of a disclosure in violation of this Stipulation; or (c) has come or shall come into a "Receiving Party's" legitimate possession from sources other than the "Designating Party" and other than as a result of a violation of any lawful Nordstrom confidentiality policy.

3. "Attorneys Eyes Only Material" means any information contained in any paper, document, database, spreadsheet, video recording, audio recording, electronic record or any other electronic or hard copy format that is stamped with an "Attorneys Eyes Only" designation. Attorneys Eyes Only Material may include, but is not limited to, highly confidential or sensitive business information that could cause financial harm to Nordstrom if disseminated to the public or competitors.

4. Any party may designate any material produced by that party as "Confidential" or "Attorneys Eyes Only" where he, she, or it believes in good faith that such material qualifies for that designation as defined above. Marking or stamping "Confidential" or "Attorneys Eyes Only" on the cover of a multiple page document shall classify all pages of the document with the same designation unless otherwise indicated by the Designating Party. Marking or stamping "Confidential Information" or "Attorneys Eyes Only Material" on a label on any electronic storage medium shall designate the entire contents of such electronic storage medium as Confidential Information or Attorneys Eyes Only Material.

**Access to Confidential Information And Attorneys Eyes Only Material**

5. Confidential Information produced or received in this action subject to this protective order shall not be disclosed by any Receiving Party except to: the Court, including assigned judges, their staff, jurors and other court personnel; court reporters and videographers recording or transcribing testimony in this action;

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:122944043.7 058713.1048

3.

—

attorneys of record for the parties and their respective associates, paralegals, clerks, and employees involved in the conduct of this litigation and in-house attorneys at Nordstrom. Notwithstanding the foregoing, the following designated persons may also receive and review Confidential Information:

      a.    Current or former employees of Nordstrom who may serve as witnesses, but only to the extent that the Confidential Information is directly related to their expected testimony;

      b.    Named Plaintiffs;

      c.    Any person who was involved in the preparation of the document, materials or the discovery responses containing Confidential Information or who lawfully received or reviewed the documents or to whom the Confidential Information has previously been made available other than by one receiving such Confidential Information in connection with this action;

      d.    Experts or consultants who are engaged by counsel for any party to perform investigative work, factual research, or other services relating to this action;

      e.    Mediators used to try to resolve the action;

      f.    Any other person with the prior written consent of the Designating Party.

    6.    Attorneys Eyes Only Material produced or received in this action subject to this protective order shall not be disclosed, revealed or disseminated by the Receiving Party except to: the Court, including assigned judges, their staff, jurors and other court personnel; court reporters and videographers recording or transcribing testimony in this action; attorneys of record for the parties and their respective associates, paralegals, clerks, and in-house attorneys at Nordstrom and employees assisting such attorneys in the conduct of this litigation. Notwithstanding the foregoing, the following designated persons may also review Attorneys Eyes Only Material:

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:122944043.7 058713.1048

4.

  a. Experts or consultants who are engaged by counsel for any party to perform investigative work, factual research, or other services relating to this action;

  b. Current or former employees of Nordstrom who may serve as witnesses, but only to the extent that the Attorneys Eyes Only Material is directly related to their expected testimony;

  c. Mediators used to try to resolve the action;

  d. Any other person with the prior written consent of the Designating Party.

 7. Any person who falls within a category identified in Paragraph 5(a)-(f) may review all Confidential Information in the presence of counsel for Named Plaintiffs but are not entitled to receive copies thereof unless they execute the Non-Disclosure Agreement in the form set forth in Attachment A, prior to reviewing any Confidential Information. Prior to reviewing any Attorneys Eyes Only Material, any person who falls within a category identified in Paragraph 6(a)-(d) shall be provided a copy of this protective order and shall agree to be bound by its terms by executing the Non-Disclosure Agreement in the form set forth in Attachment B.

 8. The parties shall retain copies of any executed Non-Disclosure Agreements until the end of the action. In the event of a possible violation of this protective order while this action is pending, a party may request that the Court order production of the executed Non-Disclosure Agreements for good cause. Otherwise, the Non-Disclosure Agreements are confidential and are not subject to any discovery request while the action is pending. No more than thirty (30) days after the end of litigation in the action, the party who received the Confidential Information and/or Attorneys Eyes Only Material shall provide copies of all executed Non-Disclosure Agreements to the party who produced the Confidential Information and/or Attorneys Eyes Only Material.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:122944043.7 058713.1048

5.

9. The action is at an end when all of the following that are applicable occur: (a) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (b) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (c) all available appeals have concluded or the time for such appeals has expired; and (d) any post appeal proceedings have concluded.

**Use Of Confidential Information And Attorneys Eyes Only Material**

10. Either party shall use Confidential Information and Attorneys Eyes Only Material, regardless of which party designates it as such, solely and exclusively for preparing for, prosecuting, and/or defending this case, including claims on behalf of the Named Plaintiffs and any putative class members pending the completion of the judicial process, including appeal. Confidential Information and Attorneys Eyes Only Material cannot be used for any other purpose in any other matter or proceeding for any reason whatsoever.

11. Nothing in this protective order shall restrict any party's counsel from giving advice to its/his/her client(s) with respect to this action and, in the course thereof, relying upon Confidential Information and/or Attorneys Eyes Only Material, provided that in giving such advice, counsel shall not disclose the other party's Confidential Information and/or Attorneys Eyes Only Material other than in a manner expressly provided for in this protective order.

12. Testimony taken at a deposition that involves Confidential Information or Attorneys Eyes Only Material must be designated as "Confidential" or "Attorneys Eyes Only Material" by making a statement to that effect on the record at the deposition and identifying the specific testimony or items claimed to be Confidential Information or Attorneys Eyes Only Material. Arrangements shall be made with the deposition reporter taking and transcribing information designated as Confidential and/or Attorneys Eyes Only Material to bind separately such portions of the

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:122944043.7 058713.1048

6.

deposition transcript, and/or to label such portions appropriately. If any portions of the deposition transcript and/or video or audio versions of the depositions contain testimony designated as Confidential Information or Attorneys Eyes Only Material, or references thereto, they must be filed with the Court in compliance with this protective order.

13. Additionally, a copy of the protective order shall be attached as an exhibit to any deposition transcript to which it is applicable and the court reporter shall be subject to the protective order and precluded from providing the original or copies of the deposition transcript or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the action. Any audiotape and/or videotape of said deposition shall also be subject to this protective order. The deposition videographer shall be subject to this protective order and precluded from providing the original deposition videotape or portions of the videotape to any persons or entities other than counsel of record. Any audiotape shall also be subject to this protective order and all persons shall be precluded from providing the original deposition audiotape or portions of the audiotape, to any persons or entities other than counsel of record in the action.

14. Only individuals permitted access to Confidential Information or Attorneys Eyes Only Material shall attend any deposition where Confidential Information or Attorneys Eyes Only Material is used. However, where feasible, an individual who is not allowed access to Attorneys Eyes Only Material may attend portions of the deposition where Attorneys Eyes Only Material is not used or discussed. Individuals attending any depositions using Confidential Information or Attorneys Eyes Only Material shall not disclose to any person any statements made by deponents at depositions that reference Confidential Information or Attorneys Eyes Only Material unless that person is independently allowed access to the information.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:122944043.7 058713.1048

7.

Nothing in this protective order gives any individual the right to attend a deposition that they would not otherwise be entitled to attend.

15. In the event that any Receiving Party of Confidential Information and/or Attorneys Eyes Only Material pursuant to this Stipulation receives a subpoena or written discovery demand in pending litigation or administrative proceedings ("Discovery Request") from any non-party (including, without limitation, parties to other, unrelated lawsuits or any state, federal or foreign regulatory or administrative body or agency) seeking the production of Confidential Information and/or Attorneys Eyes Only Material:

    a. The Receiving Party shall promptly disclose such fact to the Designating Party and shall not disclose any Confidential Information and/or Attorneys Eyes Only Material in response thereto without first providing the Designating Party a reasonable opportunity to seek appropriate protective treatment or other relief.

    b. The Receiving Party shall immediately provide the Designating Party with telephonic and written notice of the Discovery Request and shall immediately send a copy of the Discovery Request to the Designating Party by facsimile, email and/or overnight mail.

    c. It shall be the obligation of the Designating Party to obtain an order from the appropriate court to preclude or restrict production of any Confidential Information and/or Attorneys Eyes Only Material requested pursuant to the Discovery Request.

    d. The Receiving Party shall continue to abide by the terms of this Stipulation and maintain the confidentiality of any Confidential Information and/or Attorneys Eyes Only Material sought by the Discovery Request unless and until either: (i) the Designating Party consents to the production of Confidential Information and/or Attorneys Eyes Only Material pursuant to the Discovery Request

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:122944043.7 058713.1048

8.

or (ii) the Receiving Party is directed to produce the Confidential Information and/or Attorneys Eyes Only Material by a court having competent jurisdiction over the dispute and the parties thereto.

  e. The disclosure of information in response to a Discovery Request shall not be deemed to make Confidential Information or Attorneys Eyes Only Material 'public' for purposes of paragraph 2 and does not change any party's obligations under this protective order except for allowing the disclosure pursuant to the terms of the Discovery Request or court order.

## **No Waiver And Challenges to Designation**

16. Whether or not any evidence or testimony is, in fact, designated as "Confidential" or "Attorneys Eyes Only" shall not be conclusive of whether it is lawfully entitled to other confidentiality protections, including the protection of trade secrets as defined by California Civil Code section 3426.1, and the failure to make such a designation shall not constitute a waiver of any such protections.

17. By entering into this protective order, the parties do not waive any right to challenge whether any material (including without limitation evidence or testimony) designated or not designated as Confidential Information or Attorneys Eyes Only Material is properly designated or not designated as such, and do not waive the right to challenge at any hearing, trial or other proceeding whether such information is, in fact, confidential or private.

18. To the extent a party wishes to object to the designation of evidence or testimony as Confidential Information or Attorneys Eyes Only Material, the following procedures apply:

  a. Any party may in good faith object to the designation of any evidence or testimony as Confidential Information or Attorneys Eyes Only Material or to the limitations as to the use and disclosure of such information, by providing

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:122944043.7 058713.1048

9.

written notice of such objections to the Designating Party. The grounds for any objections shall be stated with reasonable particularity.

   b. The parties shall thereafter attempt to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved within fourteen (14) days after the objection is served, the Receiving Party may apply to the Court, on reasonable notice, for an order permitting the use and dissemination of the challenged document. The challenged documents shall be treated as confidential until such time as the Court has ruled on the motion.

### Filing Under Seal And Handling At Hearings And Trial

19. With regard to any Confidential Information or Attorneys Eyes Only Material to be filed with the Court, such documents must be filed under seal in compliance with Central District Local Rule 79-5.

20. Should the need arise to offer testimony at a hearing or trial to present evidence marked as Confidential or Attorneys Eyes Only that cannot be addressed through sealing the evidence, the parties will work in good faith to reach an agreement to use a redacted version of the evidence. If they cannot reach an agreement, then the Receiving Party will be allowed an opportunity to seek an appropriate court order to determine to what extent the Confidential Information or Attorneys Eyes Only Material may become public. Nothing shall prejudice any parties' rights to object to the introduction of any Confidential Information or Attorneys Eyes Only Material into evidence, on grounds, including, but not limited to, relevance and privilege.

### Inadvertent Failure To Designate

21. If, through inadvertence, any party produces or offers as testimony any Confidential Information or Attorneys Eyes Only Material without labeling it or otherwise designating it as such, the producing party may, at any time, give written notice designating such information as Confidential Information or Attorneys Eyes Only Material.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:122944043.7 058713.1048

10.

**Clawback Provisions**

22. Pursuant to Federal Rule of Evidence 502(d) and (e), the parties also wish to protect certain privileged and work product documents, information, and electronically stored information against claims of waiver in the event they are produced during the course of this litigation, whether pursuant to a court order, a discovery request or informal production.

23. The inadvertent production of any document in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including but not limited to the attorney-client privilege and/or the work product doctrine, and no party shall be held to have waived any rights by such inadvertent production.

24. If any document produced by another party is on its face subject to a legally recognizable privilege or evidentiary protection, the receiving party shall: (a) refrain from reading the document any more closely than is necessary to ascertain that it is privileged or protected; (b) immediately notify the producing party in writing that it has discovered documents believed to be privileged or protected; (c) specifically identify the documents by Bates number range or other identifying information; and (d) return all hard and soft copies of the documents and, where the documents have been transferred or stored electronically, delete the documents from the devices on which they are or were stored or accessed or otherwise make them inaccessible.  The steps in this paragraph shall be completed within seven (7) days of discovery by the receiving party.  The producing party shall preserve all document(s) returned under this paragraph until it confirms that there is no dispute about the privileged and/or work product nature of the document(s) or, if there is a dispute, until the privilege issue is resolved.  Notwithstanding the provisions of this paragraph, the receiving party is under no obligation to search or review the producing party's documents to identify potentially privileged or work product protected documents.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

Firmwide:122944043.7 058713.1048

11.

25. Upon discovering an unintentional production of document(s) the producing party believes to be privileged, the producing party shall promptly notify the receiving party of the inadvertent production in writing, specifically identifying (e.g., through bates numbers, document title(s), email sender/recipient name, etc.) the document(s) at issue. Upon receiving this notice, the receiving party shall not review, use or disclose the inadvertently privileged document(s) and must either promptly destroy the document(s) or return all hard and soft copies of the document(s) to the producing party. Where the document(s) have been transferred or stored electronically, the receiving party must delete the document(s) from the devices on which they are or were stored or accessed or otherwise make them inaccessible to the receiving party. The steps in this paragraph shall be completed within seven (7) days of notice of the inadvertent production by the producing party. The producing party must sequester and preserve all documents returned or identified as disputed under this paragraph in the same condition as produced until the privilege issue is resolved by the parties or the Court. Upon request, the producing party must also provide the receiving party with a privilege log including the following information for each document at issue: (a) the nature and substance of the document described with sufficient particularity to enable the Court and parties to identify the document; (b) the date of the document; (c) the number of pages of the document; (d) the basis on which any privilege or other protection is claimed; and (e) whether any non-privileged or non-protected matter is included in the document.

26. If there is a dispute as to whether the document(s) identified by the producing party are in fact privileged, the receiving party must notify the producing party in writing that it disputes the claim of privilege. The parties must then meet and confer regarding the dispute within seven (7) days of the date that the receiving party objects to the producing party's designation of the document(s) as privileged. If the parties are unable to resolve the dispute during this meet and confer conference, the

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:122944043.7 058713.1048

12.

receiving party shall have thirty days (30) from the date of the conference to file an appropriate motion and, as part of that motion, submit the specified documents to the Court under seal for a determination of the claim and will provide the Court with the producing party's stated grounds for the asserted privilege or protection except where such a submission would violate existing law.  Any party may request expedited treatment of any request for the Court's determination of the claim.  If the receiving party files an appropriate motion within the thirty-day time period, the document(s) in question will remain sequestered and preserved by the producing party until the Court rules on the status of the document(s) in question.  If the receiving party fails to file a motion seeking the protection of the Court within the thirty (30) day period after the meet and confer conference, the receiving party must return the specified document(s) no later than the day following the expiration of the thirty (30) day period or the date when the receiving party indicates in writing that it will not file a motion seeking a ruling on the asserted privilege from the Court, whichever occurs earlier.

27.     To the extent that the information contained in a document subject to a claim of privilege under this provision has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party must delete and/or render inaccessible those portions of the document that refer to the privileged and/or work product information.  If the receiving party disclosed the specified document(s) before being notified of its inadvertent production, it must take reasonable steps to retrieve the document(s).

28.     The receiving party's return or destruction of such privileged or protected documents as provided herein will not act as a waiver of the requesting party's right to move for the production of the returned or destroyed documents on the grounds that the documents are not in fact subject to a viable claim of privilege or protection.  However, the receiving party is prohibited and estopped from arguing that the

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:122944043.7 058713.1048

13.

production of the documents in this matter acts as a waiver of an applicable privilege or evidentiary protection.

### Termination Of Case

29. The terms of this protective order shall survive the final termination of this action and shall be binding on all of the parties thereafter.

30. Within thirty (30) days of the termination or settlement of this action, each party must return or make available for pick-up Confidential Information or Attorneys Eyes Only Material received during this litigation from the other party and copies of any deposition transcripts designated as Confidential Information or Attorneys Eyes Only Material. Where Confidential Information or Attorneys Eyes Only Material has been transferred or stored electronically, the Receiving Party must delete the electronic versions from the devices on which they are or were stored or accessed or otherwise make them inaccessible to the Receiving Party. Notwithstanding these provisions, counsel of record for the parties may keep, in strictest confidence, those copies of any part of the Confidential Information or Attorneys Eyes Only Material that have become part of the official record of this litigation and may retain abstracts or summaries of such materials, which contain counsel's mental impressions or opinions. Such information shall remain subject to the terms of this protective order.

31. Upon returning to the other side all Confidential Information or Attorneys Eyes Only Material and/or deposition testimony, the returning party must also execute and furnish the Certificate of Surrender and Deletion of Confidential Information and Attorneys Eyes Only Material Agreement in the form set forth in Attachment C.

### Miscellaneous Provisions

32. The parties expressly agree that, by entering into this protective order, they do not waive any objections to any discovery requests and, further, that they do

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:122944043.7 058713.1048

14.

not agree to the production of any information or documents, or type or category of information or documents.

33. This protective order is subject to modification by stipulation of the parties. In addition:

    a. The Court may modify this Order *sua sponte* in the interest of justice.

    b. This Order is subject to further court orders based upon public policy and other considerations.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: February 28, 2014

/s/ Scott B. Cooper
SCOTT B. COOPER
THE COOPER LAW FIRM, P.C.
Attorneys for Plaintiffs
LARRY CHAPPELL and SHAMEA OGIAMIEN

Dated: February 28, 2014

/s/ Roger Carter
ROGER CARTER (State Bar No. 140196)
rcarter@carterlawfirm.net
THE CARTER LAW FIRM
2030 Main Street, Suite 1300
Irvine, California 92614
Telephone: (949) 260-4737
Facsimile: (949) 260-4754

Attorneys for Plaintiffs
LARRY CHAPPELL and SHAMEA OGIAMIEN

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:122944043.7 058713.1048

15.

Dated: February 28, 2014

/s/ Kashif Haque
KASHIF HAQUE (State Bar No. 218672)
khaque@aegislawfirm.com
SAMUEL WONG (State Bar No. 217104)
swong@aegislawfirm.com
ALISON M. MICELI (State Bar No. 243131)
amiceli@aegislawfirm.com
AEGIS LAW FIRM, PC
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile: (949) 379-6251

Attorneys for Plaintiffs
LARRY CHAPPELL and SHAMEA OGIAMIEN

Dated: February 28, 2014

/s/ *Dawn Fonseca*
JULIE A. DUNNE
LARA K. STRAUSS
DAWN FONSECA
LITTLER MENDELSON, P.C.
Attorneys for Defendant
NORDSTROM, INC.

I, Scott B. Cooper, am the ECF User whose identification and password are being used to file this Stipulated [Proposed] Protective Order. In compliance with Local Rule 5-4.3.4(a)(2)(i), I hereby attest that Defendant's counsel and my Co-Plaintiffs' counsel concurred in this filing and has authorized the filing.

By: /s/ Scott B. Cooper

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: March 10, 2014

_____
HON. JAY C. GANDHI
U. S. MAGISTRATE JUDGE

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:122944043.7 058713.1048

16.

# ATTACHMENT A

## CONFIDENTIAL INFORMATION NON-DISCLOSURE AGREEMENT

The undersigned hereby agrees that:

1. I have had the opportunity to review the protective order in this action.

2. I agree that I am one of the following: (a) a current or former employee of Nordstrom who has been asked to serve as a witness on an issue related to the Confidential Information that I am receiving or being shown; (b) a Named Plaintiff to the action; (c) a person who was involved in the preparation of the document, materials or the discovery responses containing Confidential Information or who lawfully received or reviewed the documents or to whom the Confidential Information has previously been made available other than by receipt of such Confidential Information in connection with this action; (d) an expert or consultant who has been engaged by counsel for any party to perform investigative work, factual research, or other services relating to this action; (e) a mediator used to try to resolve the action; or (f) a person who the parties to the action have agreed in writing may receive Confidential Information.

3. I agree not to disclose any of the Confidential Information to any third person and further agree that my use of any Confidential Information shall only be for the prosecution, defenses, discovery, mediation and/or settlement of this action, and not for any other purpose.

4. I further agree that on or before the termination or settlement of this action, I will return all Confidential Information which is in my possession, custody, or control to the attorneys involved in the action so that it can be returned as provided in the protective order.

/ / / /

/ / / /

/ / / /

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:122944043.7 058713.1048

17.

5. By signing this Confidential Information Non-Disclosure Agreement, I stipulate to the jurisdiction of this Court to enforce the terms of this Agreement.

Dated: _____

[Print Name]

[Sign Name]

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

Firmwide:122944043.7 058713.1048

18.

# ATTACHMENT B
# CONFIDENTIAL INFORMATION AND ATTORNEYS EYES ONLY MATERIAL NON-DISCLOSURE AGREEMENT

The undersigned hereby agrees that:

1. I have had the opportunity to review the protective order in this action.

2. I agree that I am one of the following: (a) an expert or consultant who has been engaged by counsel for any party to perform investigative work, factual research, or other services relating to this action; (b) a current or former employee of Nordstrom who has been asked to serve as a witness for Nordstrom on an issue related to the Confidential Information or Attorneys Eyes Only Material; (c) a mediator used to try to resolve the action; or (d) a person who the parties to the action have agreed in writing may receive Confidential Information and/or Attorneys Eyes Only Material.

3. I agree not to disclose any Confidential Information and/or Attorneys Eyes Only Material to any third person and further agree that my use of any Confidential Information and/or Attorneys Eyes Only Material shall only be for the prosecution, defenses, discovery, mediation and/or settlement of this action, and not for any other purpose.

4. I further agree that on or before the termination or settlement of this action, I will return all Confidential Information and/or Attorneys Eyes Only Material which is in my possession, custody, or control to the attorneys involved in the action so that it can be returned as provided in the protective order.

5. By signing this Confidential Information and Attorneys Eyes Only Material Non-Disclosure Agreement, I stipulate to the jurisdiction of this Court to enforce the terms of this Agreement.

Dated: _____        _____
                                     [Print Name]

                                     _____
                                     [Sign Name]

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:122944043.7 058713.1048

# ATTACHMENT C

# CERTIFICATE OF SURRENDER AND DELETION OF CONFIDENTIAL INFORMATION AND/OR ATTORNEYS EYES ONLY MATERIAL

The undersigned represents that, pursuant to the protective order, all Confidential Information and/or Attorneys Eyes Only Material within the possession, custody or control of the undersigned has been returned to the producing party to the extent it could be returned either in hard or soft copy. The undersigned further represents that, pursuant to the protective order, and to the extent Confidential Information or Attorneys Eyes Only Material was transferred or stored electronically, all electronic versions of the material and information have been deleted from the devices on which they were stored or accessed or otherwise rendered inaccessible.

Dated: _____

_____
[Print Name]

_____
[Sign Name]

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

Firmwide:122944043.7 058713.1048

20.